IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| *In re:* | § | |
| | § | |
| **DUAL D HEALTH CARE** | § | |
| **OPERATIONS, INC. d/b/a KEMP** | § | **CASE NO. 17-41320-elm** |
| **CARE CENTER, LLC.** | § | |
| | § | |
| *Debtor.* | § | |

| | | |
|---|---|---|
| **SHAWN K. BROWN, Chapter 7** | § | |
| **Trustee for Dual D Health Care Operations,** | § | |
| **Inc. d/b/a Kemp Care Center, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | **ADVERSARY NO. 20-04059** |
| | § | |
| **LLOYD DOUGLAS, Individually,** *et al.,* | § | |
| | § | |
| Defendants. | § | |
| *In re:* | § | |
| | § | |
| **SPECIALTY SELECT CARE CENTER** | § | |
| **OF SAN ANTONIO, LLC** | § | **CASE NO. 17-44248-elm-7** |
| | § | |
| Debtor, | § | |

| | | |
|---|---|---|
| **SHAWN K. BROWN, Chapter 7** | § | |
| **Trustee for Specialty Select Care Center** | § | |
| **of San Antonio, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | **ADVERSARY NO. 20-04060** |
| | § | |
| **LLOYD DOUGLAS, Individually, et al.,** | § | |
| | § | |
| Defendants. | § | |

**TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE
TRUSTEE'S DISCLOSURE OF GREGORY FESTE AND MICHELLE
MALONEY AS WITNESSES AND TO EXCLUDE TESTIMONY
<u>FROM THE SAME AND ALTERNATIVE MOTION IN LIMINE</u>**

TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE TRUSTEE'S DISCLOSURE OF GREGORY FESTE AND MICHELLE MALONEY AS  WITNESSES AND TO EXCLUDE TESTIMONY FROM THE SAME
470455

PAGE 1

## TABLE OF CONTENTS

**PAGE**

I. TIMELINE ................................................................................................................... 1

II. CONCLUSION AND PRAYER ................................................................................. 5

III. ALTERNATE MOTION IN LIMINE ....................................................................... 5

IV. CONCLUSION AND PRAYER REGARDING MOTION IN LIMINE ............. 6

**TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE TRUSTEE'S DISCLOSURE OF GREGORY FESTE AND MICHELLE MALONEY AS WITNESSES AND TO EXCLUDE TESTIMONY FROM THE SAME**  
470455

**PAGE 2**

## TABLE OF AUTHORITIES

**Page**

### CASES

*Stumbaugh v. American Commercial Lines LLC*, 2009 WL 2922312 (E.D. La. September 9, 2009) (Vance, J.) ...................................................................................................................3

*United States v. Windham*, 489 F.2d. 1389, 1392 (5th Cir. 1974) .......................................................3

### STATUTES

Bankruptcy Rules of Procedure 7026................................................................................................4

TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE TRUSTEE'S DISCLOSURE OF GREGORY FESTE AND MICHELLE MALONEY AS WITNESSES AND TO EXCLUDE TESTIMONY FROM THE SAME
470455

PAGE 3

COMES NOW Plaintiff, Shawn K. Brown ("*Plaintiff*" or "*Trustee*"), Chapter 7 Trustee of the Dual D. Healthcare Operations, Inc. d/b/a Kemp Care Center, LLC and Specialty Select Care Center of San Antonio, LLC Bankruptcy Estates ("*Debtors*"),[1] and files this Response to Defendants' Motion to Strike Trustee's Disclosure of Gregory Feste[2] and Michelle Maloney as Witnesses and to Exclude Testimony from the Same ("*Motion*"), and respectfully shows the Court the following:

## I.
## TIMELINE

1. The parties did not start taking depositions in this case, in earnest, until February 20, 2024 due to ongoing discussions about various, alternate resolutions short of a full trial on the merits.

2. On February 20, 2024, the Trustee took the deposition of Lloyd Douglas, one of the Defendants in these Adversaries and the founder and, indirectly, the owner of the Debtors.

3. In that deposition, which was not transcribed and delivered until March 4, 2024, Mr. Douglas gave testimony reproduced immediately below, which gave rise to the potential need for the testimony of Michelle Maloney, one of the Plaintiff's lawyers in the ten wrongful death cases that were filed against the Debtor, Specialty Select Care Center of Santonio, LLC (pre-bankruptcy).

4. In Mr. Douglas's deposition, a lengthy non-responsive answer unrelated to the question occurred:

```
24        Q.  And eventually, what happened to that money
25   that went into the insurance company, the premiums?
```

---

[1] While there are two separate estates, the Adversaries filed by the Trustee in behalf of each Estate are virtually identical and will be tried in a joint trial (but the Estates are not substantively consolidated). Consequently, the Trustee will only file this Motion once in behalf of both Debtors, and will require only one Response.

[2] The Trustee did not disclose Gregory Feste as a witness, but the Trustee did disclose Michelle Maloney as a witness.

TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE TRUSTEE'S DISCLOSURE OF GREGORY FESTE AND MICHELLE MALONEY AS WITNESSES AND TO EXCLUDE TESTIMONY FROM THE SAME
470455

PAGE 1

```
 1     A.  Well, these claims were denied because the ten
 2  wrongful deaths in Casa Rio, we felt a hundred percent
 3  that they were bogus claims because the chances of one
 4  lawyer, ten wrongful death, all filed at pretty much the
 5  same time, and the same exact law firm had done the same
 6  exact thing to Brookdale six months prior, got on TV,
 7  same thing they did to me.
 8           They did the same thing to another friend
 9  of mine that is in the industry, and that was their mode
10  of operation.  They bounced from health care facility to
11  health care facility, stack them up and file them so
12  that you -- to get you to pay something.
13           And so we had the ability to reimburse
14  legal fees, but -- and we actually went to mediation
15  with those ten wrongful deaths, and there was no way.
16  It wasn't going to happen.  They weren't going to settle
17  whatsoever.  And so we kept fighting them till we ran
18  out of money in it, and I -- I don't know what the total
19  was, but it was an astronomical amount.
20     Q.  Of attorney's fees?
21     A.  Yes.
22     Q.  So it was more than this $78,000?
23     A.  Yes, sir.
```

See **Exhibit A**, *Transcript of Oral Deposition of Lloyd Wayne Douglas*, February 20, 2024, p. 143, l. 24 – p. 144, l. 23.  These unresponsive statements[3] were concerning to trial counsel since there was no witness designated by either party who would have information to rebut Mr. Douglas's statements

---

[3] The question was inquiring about what happened to the millions of dollars of insurance premiums his ten (10) assisted nursing facilities had supposedly paid into the captive offshore insurance company Mr. Douglas owned.

or impeach his credibility. Consequently, Ms. Maloney was designated as a witness potentially to be called by the Trustee, as follows:

| | |
|---|---|
| Michelle Maloney<br>Marynell Maloney Law Firm, PLLC<br>102 Wickes Street<br>San Antonio, TX 78210 | Attorney for 10 claimants with personal injury/wrongful death claims. Has knowledge of the personal injury and wrongful death claims against Debtor and the proofs of claims filed in Debtor's bankruptcy case as well as the underlying state court proceedings. |

See **Exhibit B**, Dkt. 74 *Plaintiff's First Amended Rule 7026 Disclosures*, p. 3.

5.  This decision to designate Ms. Maloney has been validated by some of the assertions made in the Brief in Support of Defendants' Motion to Strike Trustee's Disclosure: "As the Defendants believe Ms. Maloney and her firm, in particular, engaged in barratry, which is something Ms. Maloney would likely wish to avoid having investigated.[4]"  See **Exhibit C**, Dkt. 79 *Brief in Support of Defendants' Motion to Strike Trustee's Disclosure of ... Michelle Maloney* ("**Brief**"), page 6, paragraph 12.

6.  The Defendants admit in their Motion and Brief that impeachment evidence may be excepted from the Initial Disclosure Rule. This is also, and more so true of rebuttal evidence, the need for which may not always be apparent until the time as late as trial (rebuttal evidence never has to be disclosed).[4]

7.  Since Ms. Maloney is, in essence, a rebuttal witness to something Mr. Douglas is bound and determined to assert, at trial she did not need to be disclosed, ever, or at least not until trial counsel was made aware of Douglas's statements at his deposition on February 20, 2024. She was

---

[4] "Rebuttal witnesses are a recognized exception to all witness disclosure requirements" and "[p]rejudice may not be successfully asserted in this connection." *Stumbaugh v. American Commercial Lines LLC*, 2009 WL 2922312 (E.D. La. September 9, 2009) (Vance, J.) (quoting *United States v. Windham*, 489 F.2d. 1389, 1392 (5th Cir. 1974)).

disclosed, in fairness, to give advance notice that Mr. Douglas was not going to be allowed to make those totally unfounded assertions without the Trustee having a witness to rebut them.

8. In paragraph 14 of their Motion to Strike, the Defendants make the following statement:

> 14. "In evaluating whether a violation of rule 26 is harmless . . . [courts] look to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Research Found. V. Magna Transp. Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). The Trustee has the burden to demonstrate that any non-disclosure or untimely disclosure is harmless. *See, e.g., United States v. DynCorp Intern. LLC*, 2021 WL 3406612 at *2 (E.D. Tex. 2021). The Trustee will not be able to satisfy any such burden in this case, particularly given the extremely late nature of the designation.

9. In the first place, Ms. Maloney as a rebuttal witness did not need to be disclosed, so there has been no violation of Rule 26 (Bankruptcy Rules of Procedure 7026).

10. In any event, the Trustee can meet all of the factors enumerated:

(1) **The evidence is important:** If Mr. Douglas says that barratry or some other illegal act was involved in filing the lawsuits, since that could prejudice the finder of fact and skew the record in Defendants' favor, Ms. Maloney's testimony could counter that;

(2) **There is no prejudice to the opposing party of including the evidence:** As Defendants admit in paragraph 15 of their Brief, they have known about Ms. Maloney's existence, and her role in the lawsuits. They also know what she is going to say – that she did not commit barratry or any other illegal act or any act

whatsoever that could diminish the claims in the eyes of the finder of fact whatsoever;

(3) **The possibility of curing such prejudice by granting a continuance:** No continuance should be necessary since the Defendants know what she is going to say – that she is going to refute what Mr. Douglas says about her doing improper things with respect to filing the lawsuits;

(4) **The explanation for the party's failure to disclose:** That has been stated previously. Factually, the disclosure was made six days after Mr. Douglas's deposition, and legally there is no duty to disclose a rebuttal witness;

## II.
## CONCLUSION AND PRAYER

The Trustee has not violated Rule 26. All that has occurred is the Defendants have been given advance warning that Ms. Maloney was added to the Disclosures to rebut what Mr. Douglas did in the deposition and undoubtedly will do at the trial – begin making wild accusations about the wrongful-death plaintiffs, the plaintiffs' lawyers, as well as any arguments or allegations of some illegal or untoward act involved in the filing of the lawsuits.

The Trustee is entitled to have that available, if needed.

WHEREFORE, premises considered, the Trustee respectfully requests that Defendants' Motion to Strike be denied.

## III.
## ALTERNATE MOTION IN LIMINE

11. In the alternative, the Trustee makes and files this his Motion in Limine regarding the testimony of Lloyd Douglas.

12. Lloyd Douglas is a Defendant in these causes of action, and is the founder and owner of the Debtors.

13. The Designation that the Defendants made with respect to Lloyd Douglas states it follows:

> 1. <u>Lloyd Douglas.</u> Mr. Douglas has personal knowledge of all relevant issues alleged in the Adversary Proceeding and all relevant defenses and affirmative defenses. Mr. Douglas may only be contracted through the undersigned counsel.

14. Mr. Douglas was not designated as an expert of any kind, and is certainly not an expert with regard to the ten wrongful death claims filed against Specialty Select. In the event Michelle Maloney is prevented from testifying as a witness, it should be ordered that Mr. Douglas cannot give testimony such as the testimony reproduced in this Response or any testimony about the value of the claims. That would be testimony, *inter alia*, about any irregularities in the filing, the value or lack of value of the wrongful death claims filed against Specialty Select, or any other matter that might have an effect on the valuation of those claims.

WHEREFORE, the Trustee prays that in the alternative, its Motion in Limine be granted.

## IV.
## CONCLUSION AND PRAYER REGARDING MOTION IN LIMINE

The Trustee has not violated Rule 26. All the Trustee has done is give advance warning that Ms. Maloney was added to the Disclosures to rebut what Mr. Douglas's wild accusations about the wrongful-death plaintiffs, the plaintiffs' lawyers, as well as any arguments or allegations of some illegal or untoward act involved in the filing of the lawsuits that could diminish the value of the wrongful-death claims.

The Trustee is entitled to have that available, if needed.

WHEREFORE, premises considered, the Trustee respectfully requests that Defendants' Motion in Limine be denied.

Respectfully submitted,

By: */s/ Jerry C. Alexander*　　　　　　　　　*/s/ Joseph F. Postnikoff*
　　Jerry C. Alexander　　　　　　　　　　　Joseph F. Postnikoff
　　Texas Bar No. 00993500　　　　　　　　Texas Bar No. 16168320
　　**PASSMAN & JONES, P.C.**　　　　　　　**ROCHELLE MCCULLOUGH, LLP**
　　1201 Elm Street, Suite 2500　　　　　　300 Throckmorton Street, Suite 520
　　Dallas, Texas 75270-2599　　　　　　　Fort Worth, Texas 76102
　　Tel: (214) 742-2121　　　　　　　　　　Tel: (817) 347-5260
　　alexanderj@passmanjones.com　　　　jpostnikoff@romclaw.com

*Special Litigation Counsel for Shawn K. Brown, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of March 2024, a true and correct copy of the foregoing was served on counsel of record via e-mail.

　　　　　　　　　　　　　　　　　　　*/s/ Jerry C. Alexander*
　　　　　　　　　　　　　　　　　　　Jerry C. Alexander