Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201
Telephone: (214) 855-7500

ATTORNEYS FOR THE DEFENDANTS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

| | |
|---|---|
| In re<br><br>DUAL D HEALTH CARE OPERATIONS, INC. d/b/a KEMP CARE CENTER, LLC,<br><br>    Debtor. | Case No. 17-41320-elm-7 |
| In re<br><br>SPECIALTY SELECT CARE CENTER OF SAN ANTONIO, LLC,<br><br>    Debtor. | Case No. 17-44248-elm-7 |
| SHAWN K. BROWN, TRUSTEE,<br><br>    Plaintiff,<br><br>v.<br><br>LLOYD DOUGLAS, *et. al.*,<br><br>    Defendants. | Adv. No. 20-04059-elm |
| SHAWN K. BROWN, TRUSTEE,<br><br>    Plaintiff,<br><br>v.<br><br>LLOYD DOUGLAS, *et. al.*,<br><br>    Defendants. | Adv. No. 20-04060-elm |

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE TRUSTEE'S DISCLOSURE OF GREGORY FESTE AND MICHELLE MALONEY AS WITNESSES AND TO EXCLUDE TESTIMONY FROM SAME —Page 1

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE TRUSTEE'S DISCLOSURE OF GREGORY FESTE AND MICHELLE MALONEY AS WITNESSES AND TO EXCLUDE TESTIMONY FROM SAME**

TO THE HONORABLE EDWARD L. MORRIS, U.S. BANKRUPTCY JUDGE:

COME NOW Lloyd Douglas, Lloyd Douglas Enterprises, L.C., Brownwood Care Center I, Ltd., D-5 Development, LLC, Sunflower Park Holdings, LP, Whispering Pines Healthcare, L.C., Mt. Pleasant Operators, LLC, Specialty Select Care Center, LLC, Graham Investors Group, LLC, Kemp Investor Holdings, LLC, Kerens Care Center, Inc., and River City Life Care, Inc. (collectively, the "Defendants"),[1] the defendants in the two (2) Adversary Proceedings styled and numbered above, and file this their *Reply* to the *Trustee's Response to Defendants' Motion to Strike Trustee's Disclosure of Gregory Feste and Michelle Maloney as Witnesses and to Exclude Testimony from the Same and Alternative Motion in Limine* (the "Response"), filed by Shawn K. Brown (the "Trustee"), the plaintiff in these Adversary Proceedings, in response to the *Defendants' Motion to Strike Trustee's Disclosure of Gregory Feste and Michelle Maloney as Witnesses and to Exclude Testimony from the Same* (the "Motion"), respectfully stating as follows:

1. Lloyd Douglas will testify that, in good faith, and based on his decades in the nursing home business and prior claims that were filed against his companies, and based on his review of the claims, he did not believe that any of the underlying twelve (12) tort claims had any merit and that this is why the Defendants contested the tort claims. He will further testify that the insurance companies denied the Debtor's claims related to the tort claims, while they had settled and paid prior nursing home claims in much lower amounts. He will testify as to his belief that,

---

[1] Various of the Defendants have been dissolved, terminated, or cancelled. They appear herein in a limited matter and to a limited extent under protest, and only to the extent that they have any existence left for the purpose of defending against claims. In no way are they reconstituting themselves or waiving any issue or right by defending the Complaint. They reserve all rights regarding the same.

by contesting the tort claims, the Debtors would either prevail at trial or settle the claims for nuisance value, until they ran out of money to defend the claims. These facts are relevant to Mr. Douglas' *mens rea*, since the Trustee alleges that he orchestrated transfers of the Debtors' assets in order to prevent these tort claimants from being paid.

2. Mr. Douglas will not attempt to value the claims, and his testimony will be offered for the limited purpose of addressing the Trustee's *mens rea* allegations. He will not testify, for example, that he reviewed claim x and that this claim had a value of y, or that all the claims had a collective value of z. And, he will not testify as to barratry, except to state that, based on his experience, ten wrongful death claims filed against a nursing home in a few months, is a near mathematical impossibility, unless there was a murderous nurse, which there was not. He will also testify that the ten tort claims filed against Specialty Select was heavily and dramatically covered in the local news, which had the effect of destroying Specialty Select as a going concern.

3. Mr. Douglas knows much more of course and, if the Court permits Mr. Chang to opine as to the value of the tort claims, then the Defendants reserve the right to ask Mr. Douglas much more detailed questions going to value, as he certainly is qualified to opine on those, but that would only be in the event that Mr. Chang is permitted to give his opinion of value of $200,000 per claim, which the Defendants urge the Court to not permit (or, alternatively, to grant a continuance to dig into the value of the tort claims, since the Trustee has raised this issue only now, after discovery, and on the very eve of trial).[2]

4. As Mr. Douglas will not offer any testimony on valuation, there is nothing for the attorneys to rebut or impeach, as whatever value they believe these claims had does not go to Mr.

---

[2] The Trustee forgets that the Defendants did timely disclose Mr. Douglas as a potential lay expert witness on the value of the claims, *see* Adversary Proceeding No. 20-04059 at docket no. 93, p. 10, but that does not mean that they will call him as such.

Douglas' state of mind. Thus, offering the attorneys as rebuttal or impeachment witnesses on the issue of valuation—and, as the Defendants pointed out, rebuttal and impeachment *fact* witnesses do not have to be disclosed—will not be proper unless and until there will be something to rebut or impeach.

5. On that point, the Trustee asked Mr. Douglas certain questions at his deposition. But this does not mean that the Defendants will ask Mr. Douglas these questions at trial. Again, Mr. Douglas will not offer any testimony on the value of the tort claims, except his subjective belief explaining why the Debtors contested those claims. The Trustee cannot ask Mr. Douglas a question at trial, only to open the door to rebuttal or impeachment, to get around the Trustee's failure to timely disclose the attorneys as witnesses. That much is obvious and is necessitated by fairness.

6. The Trustee does not respond to the Defendants' other arguments that the attorneys would be improper if called for any purpose other than rebuttal or impeachment, and especially that they cannot be called as lay expert witnesses because they have not been timely disclosed as such (and the lay expert witness disclosure rule contains no exception for rebuttal or impeachment). Nor has the Trustee responded to the request *in limine* to preclude the attorneys from testifying as to the underlying allegations and facts of the tort claims, for lacking personal knowledge of the same and as being conduits for hearsay and double hearsay. Any rebuttal or impeachment testimony that they may give is still subject to the Rules of Evidence and, other than perhaps testifying that they filed the lawsuits in good faith, it is difficult to conceive of any personal knowledge or admissible evidence that they may have.

7. Thus, the Court should decide (or carry) the Motion as follows: if Mr. Douglas is asked questions by the Defendants to the effect of the value of the tort claims, separate and apart

from his subjective view of them at the time as informing his state of mind and decisions, then and only then can the attorneys offer rebuttal, if any (and it is difficult to see how they could), but such rebuttal cannot: (i) opine as to the value of the tort claims, as this is an expert topic on which they were not timely disclosed; or (ii) contain any testimony as to the underlying facts and allegations of the tort claims (*e.g.* what happened, when it happened, what the alleged injuries were, what the alleged causation was, and what the amount of the claims may be), as they have no personal knowledge of the same and their testimony would be rank hearsay.

8. With respect to the Trustee's request *in limine*, Mr. Douglas must be permitted to testify as to his state of mind and his beliefs as they informed his decisions, precisely to rebut the Trustee's allegation that he did what he did to avoid paying the tort claimants. It would be highly prejudicial to exclude any such testimony. However, this testimony will be offered for the limited purpose of explaining his state of mind, and not as evidence on the objective value, if any, of the tort claims. Thus, the Court should deny the request *in limine*.

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request that the Court grant the Motion or condition the relief requested thereby as requested herein.

RESPECTFULLY SUBMITTED this 14th day of March, 2024.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Davor Rukavina, Esq.
Texas Bar No. 24030781
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
drukavina@munsch.com

**ATTORNEYS FOR THE DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 14th day of March, 2024, true and correct copies of this document were electronically served by the Court's ECF system on all parties to this Adversary Proceeding through their counsel of record, including on counsel for the Trustee.

By: /s/ Davor Rukavina
Davor Rukavina, Esq.