

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 12, 2024**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 17-41320-ELM |
| DUAL D HEALTH CARE OPERATIONS, INC. | § | |
| d/b/a KEMP CARE CENTER, LLC, | § | Chapter 7 |
| | § | |
| Debtor. | § | |
| SHAWN K. BROWN, Chapter 7 Trustee for Dual | § | |
| D Health Care Operations, Inc. d/b/a Kemp Care | § | |
| Center, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Adversary No. 20-04059 |
| | § | |
| LLOYD DOUGLAS, Individually, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## INTERLOCUTORY PARTIAL JUDGMENT

On January 31, 2022, Plaintiff Shawn K. Brown, in his capacity as chapter 7 trustee for Dual D Health Care Operations, Inc. d/b/a Kemp Care Center, LLC ("**Plaintiff**"), filed his *Trustee's Second Amended Complaint* [Docket No. 44] (the "**Complaint**") in this adversary proceeding.

The trial of the adversary proceeding commenced on March 21, 2024. On March 22, 2024, at the conclusion of Plaintiff's case-in-chief, Defendants Lloyd Douglas, Individually, Lloyd Douglas Enterprises, L.C., Brownwood Care Center I, Ltd., D-5 Development, LLC, Sunflower Park Holdings, LP, Whispering Pines Healthcare, L.C., Mt. Pleasant Operators, LLC, Specialty Select Care Center, LLC, Graham Investors Group, LLC, Kemp Investor Holdings, LLC, Kerens

Page 1

Care Center, Inc., and River City Life Care, Inc. (collectively, "**Defendants**"), by and through counsel, made an oral motion for partial judgment on certain specified causes of action asserted by Plaintiff in the Complaint (the "**Motion**") pursuant to Rule 52(c) of the Federal Rules of Civil Procedure (as made applicable to the adversary proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure).  Plaintiff, by and through counsel, orally opposed the Motion, in part.

Having reviewed and considered, as applicable, the Complaint, the parties' joint stipulations set forth within the Joint Pretrial Order (the "**Joint Stipulations**"),[1] all of the evidence introduced at trial during the course of Plaintiff's case-in-chief, and the respective representations and arguments of Defendants' counsel and Plaintiff's counsel with respect to the Motion, the Court orally recited on the record its findings of fact, conclusions of law, and ruling with respect to the Motion (collectively, the "**Ruling**").  The Court hereby supplements the Ruling as follows with respect to Count II: The Court's Ruling was focused on Plaintiff's failure to prove the insolvency of Dual D Health Care Operations, Inc. d/b/a Kemp Care Center, LLC (the "**Debtor**") at the time of the transfers at issue under such Count.[2]  *See* 11 U.S.C. § 548(a)(1)(B)(ii)(I).  Count II, however, seeks relief on grounds other than insolvency alone.  *See* Complaint ¶¶ 72 (second sentence), 73 and 74; *see also* 11 U.S.C. § 548(a)(1)(B)(ii)(II) and (III).  Therefore, the relief granted herein with respect to Count II will be limited to avoidance predicated upon insolvency.

Accordingly, based upon the Ruling, which is incorporated herein by reference, as supplemented by the additional findings and conclusions stated above, it is hereby:

**ORDERED, ADJUDGED AND DECREED** that the Motion is GRANTED IN PART, AND DENIED IN PART, as set forth herein; it is further

**ORDERED, ADJUDGED AND DECREED** that, with respect to Count I of the Complaint, the Motion is granted solely and exclusively as to Plaintiff's request to avoid any transfer made by the Debtor prior to March 31, 2015 (collectively, the "**Pre-3/31/2015 Transfers**"), including, without limitation, the following transfers (from ¶ 40 of the Joint Stipulations):

| Date of Transfer | Method of Transfer | Amount of Transfer |
|---|---|---|
| 3/26/14 | Wire Transfer | $150,000.00 |
| 5/22/14 | Wire Transfer | $250,000.00 |
| 7/09/14 | Wire Transfer | $300,000.00 |
| 10/15/14 | Wire Transfer | $400,000.00 |
| 12/11/14 | Wire Transfer | $300,000.00 |
| 12/23/14 | Wire Transfer | $200,000.00 |
| 2/03/15 | Wire Transfer | $100,000.00 |
| 3/12/15 | Wire Transfer | $100,000.00 |

None of the Pre-3/31/2015 Transfers shall be avoided pursuant to Count I of the Complaint and, correspondingly, Plaintiff shall take nothing from Defendants pursuant to Count I of the Complaint on account of any Pre-3/31/2015 Transfers; it is further

---

[1] *See* Docket No. 102, Exh. A (part II at pp.10-15).

[2] In this regard, Plaintiff conceded that he had failed to carry his burden of proving insolvency.

**ORDERED, ADJUDGED AND DECREED** that, with respect to Count II of the Complaint, the Motion is granted solely and exclusively as to (a) Plaintiff's request to avoid any Pre-3/31/2015 Transfers, and (b) Plaintiff's request to avoid any transfers depending upon proof of insolvency pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I) (a "**548(a)(1)(B)(ii)(I) Insolvency-Based Claim**").  None of the Pre-3/31/2015 Transfers and no transfer subject to a 548(a)(1)(B)(ii)(I) Insolvency-Based Claim shall be avoided pursuant to Count II of the Complaint and, correspondingly, Plaintiff shall take nothing from Defendants pursuant to Count II of the Complaint on account of any Pre-3/31/2015 Transfers or on account of a 548(a)(1)(B)(ii)(I) Insolvency-Based Claim; it is further

**ORDERED, ADJUDGED AND DECREED** that, with respect to Count IV of the Complaint, the Motion is granted.[3]  No transfer shall be avoided pursuant to Count IV of the Complaint and, correspondingly, Plaintiff shall take nothing from Defendants pursuant to Count IV of the Complaint; and it is further

**ORDERED, ADJUDGED AND DECREED** that, in all other respects, the Motion is denied, as the Court declines to render judgment on all such remaining matters until the close of the evidence.

### END OF INTERLOCUTORY PARTIAL JUDGMENT ###

---

[3] In this regard, Plaintiff acknowledged that he was not opposed to the granting of judgment in favor of Defendants on Count IV.